## *In re* DARLING'S ESTATE.

### *In re* MILLS.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

LIMITATION OF ACTIONS—LIABILITIES OF EXECUTOR.

> Where an executor pays over assets to legatees in advance of the final settlement of the estate, and thereafter a judgment for costs is recovered against the estate in an action brought by him, the statute of limitations is no defense to proceedings to compel an accounting by him, brought by the judgment creditor.

Appeal from surrogate's court, Suffolk county.

Petition by Daniel R. Davis and another, as administrators with the will annexed of Elizabeth Jayne, deceased, for an accounting by Benjamin S. Mills, as executor of the last will and testament of Clarissa Darling, deceased; to which the executor set up the statute of limitations. It appeared that in 1871, without any accounting, he had paid to the legatees under the will all the assets remaining in his hands after payment of debts and expenses. In 1886 he brought an action as executor upon a note made payable to the order of his testatrix by the petitioners' testatrix, Elizabeth Jayne, in which action, on appeal to the court of appeals, (21 N. E. Rep. 68,) final judgment was rendered against him and in favor of the petitioners for costs; and this proceeding was brought by them to compel payment of the judgment. The surrogate held the statute of limitations a valid objection, and denied the application. The petitioners appeal from the order entered thereon.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Thomas J. Ritch,* for appellants. *George T. Stackpole,* for respondent.

BARNARD, P. J. An executor or administrator cannot pay the assets to the next of kin in advance of the final settlement. If he do so, and there be costs and charges put upon the estate in an action where the executor or administrator failed to recover, the statute of limitation is no defense to an accounting by the administrator or executor. The executor may be even bound by the statute as between himself and the heir or next of kin; but it has no relevancy to the petitioners' claim to be paid out of the estate. The judgment should be reversed, and a new trial granted, costs to abide event.

All concur.